## Thompson v. Borough of Camp Hill et al.

*Hermas L. Weary*, for plaintiff.

*Addison M. Bowman, Jr., Hon. E. M. Biddle, Jr., Clinton R. Weidner*, and *Edwin M. Blumenthal*, for defendants.

SHUGHART, P. J., March 23, 1953.—The matter before the court is the consideration of preliminary objections filed to a bill in equity.

From the complaint filed by plaintiff and in behalf of all taxpayers of the Borough of Camp Hill, it appears that on August 6, 1951, the Borough Council of Camp Hill duly adopted ordinance no. 390, which provided for the grading, curbing and paving of South Eighteenth Street in the borough. Two thirds of the cost of the operation was to be borne by the owners of the real estate abutting on that street. Thereafter, on May 16, 1952, by appropriate action, the highway committee was authorized to advertise for bids for the contemplated construction.

It is averred further that at a regular meeting held on June 20, 1952, a motion that the grading and paving be paid "out of current revenues in the general

fund" was passed by a 4-to-3 vote. The motion was never submitted to nor approved by the burgess.

On July 11, 1952, at a special meeting, bids for the construction were opened, and a contract for the work was awarded to defendants Freeman & Basore, contractors, for the lowest bid in the amount of $27,-822.01.

Plaintiff further avers that prior to the adoption of ordinance no. 390, the cost of paving the streets in the borough was borne as follows: 70.12 percent at the cost, wholly or in part, of abutting owners; 22.08 percent at the cost of the State Highway Department, 7.8 percent with no known record of assessment to the abutting owners.

Plaintiff, therefore, contends that the motion of June 20, 1952, to pay the cost of paving South Eighteenth Street out of current revenues is unjust and inequitable to plaintiff and other taxpayers who were assessed for the paving of streets adjoining their properties.

The complainant prays that the borough be enjoined from paving and grading the street out of current revenues, or defraying the cost in any manner except by assessment of adjoining owners; that the contractors be enjoined from grading and paving the street until the method of defraying the cost is determined by the court; to decree that the motion of May 16, 1952, providing for the payment of the costs of improving the street from current revenues, is illegal, null and void because such action requires an ordinance duly passed by council and approved by the burgess, and for such further relief as the court deems just and equitable.

One of the objections filed by defendants is a demurrer. It is contended that even if the averments of the complaint are correct, they form no basis for the relief sought.

Plaintiff does not contend that any of the formal requirements necessary to the award of a contract for

the construction were omitted. There is no objection made to the award of the contract whatever. The only complaint of plaintiff is, that the owners abutting on South Eighteenth Street be compelled to pay for the improvement thereof by assessment.

At oral argument it was conceded that, even though the owners were assessed for the costs of the street improvement, the cost *in the first instance* must be paid from the current funds of the borough just as in the case of sewers and similar improvements, because there is no other source from which they can be paid. When the assessments are collected, they then go into the fund to replace the funds originally expended.

Plaintiff's position is that the motion of June 20, 1952, is invalid to alter or amend ordinance no. 390, because it was improperly adopted. If this is true, then obviously ordinance no. 390 is in effect as enacted and it furnishes a valid basis for the award of the contract. No injunction may, therefore, issue against the grading and paving of the street.

On the other hand, if the motion was effective to amend ordinance no. 390, then the contract was properly awarded pursuant to the ordinance as amended.

In either event, therefore, the contract for construction was properly awarded and its performance cannot be enjoined.

Whether or not it is wise to change the policy of paying for street improvements in Camp Hill is a matter for the council of the borough to decide and not for the courts: Hayward v. Samuel et al., 354 Pa. 266, 271.

The injunction being the principal relief sought, and all other relief being incidental thereto, the complaint must be dismissed. The validity of the motion of June 20, 1952, to pay the costs of the street improvements from current funds, must be determined in some other proceedings designed to enforce the pro-

visions of ordinance no. 390. The question of the validity of that councilmanic action need not be, nor is it here, decided.

And now, March 23, 1953, at 10:50 a.m., the objections to the complaint in the above action, in the nature of a demurrer, are sustained, and the complaint dismissed at the cost of plaintiff, unless plaintiff shall, within 20 days from this date, file an amended complaint stating a cause of action.